UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DEONTE KINWAN MCCOY**, <br><br> Petitioner, <br><br> vs. <br><br> **JOHN CHRISTIANSEN**, <br><br> Respondent. | 2:22-CV-12976-TGB-APP <br><br> **ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 1)** <br><br> **AND GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF NO. 2)** |

Petitioner Deonte McCoy, an inmate confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. In his pro se application, Petitioner challenges his convictions under Michigan law for two counts of assault with intent to commit murder; felon in possession of a firearm; possession of less than 25 grams of cocaine; two counts of felony-firearm; and being a fourth felony habitual offender. Petitioner has also filed a motion to proceed in forma pauperis. ECF No. 2.

For the reasons that follow, Petitioner's motion to proceed in forma pauperis is **GRANTED**. The petition for a writ of habeas corpus is **SUMMARILY DISMISSED**, and the Court **DENIES** issuance of a certificate of appealability.

### I.     BACKGROUND

As best as the Court understands it, Petitioner challenges his conviction on grounds that his counsel was not present during his arraignment or plea hearing, he did not properly waive his right to an arraignment, and he was not present at critical stages of the proceedings. ECF No. 1, PageID.7. The Michigan Court of Appeals summarized these issues as follows:

> Defendant was present at his preliminary examination on August 26, 2016, following which the court bound him over for trial on two counts of assault with intent to commit murder, felon in possession of a firearm, possession of less than 25 grams of cocaine, and two counts of felony-firearm. The court set a date of September 12, 2016, for defendant's arraignment in circuit court. On that date, defense counsel filed a document entitled, "Waiver of Arraignment," which simply stated, "Please take notice that Defendant, DEONTE KINWAN MCCOY, waives his right to an arraignment in open court." Only defendant's attorney signed that document. The trial court acknowledged receipt of this document, but noted that it did not indicate whether defendant stands mute or pleads not guilty. Accordingly, the court entered a plea of not guilty on defendant's behalf.
>
> Ten days later, at a hearing on September 26, 2016, defense counsel asked to withdraw because of a breakdown in his relationship with defendant, who expressed a desire to represent himself. In the process of discussing defendant's right to self-representation, the court advised defendant of the charges against him and the possible penalties he was facing.

*People v. McCoy*, No. 342015, 2019 WL 4855875, at *13 (Mich. Ct. App. Oct. 1, 2019); *see also* ECF No. 1, PageID.47.

The Michigan Court of Appeals found that the arraignment waiver document filed on September 12, 2016 "was defective," but Petitioner had not shown that any prejudice resulted from the trial court's failure to hold an arraignment and defense counsel's "failure to formally enter a plea when attempting to waive arraignment." *McCoy*, 2019 WL 4855875, at *14. Because the trial court provided "formal notice of the charges" against Petitioner at both the preliminary examination and the hearing on defense counsel's motion to withdraw, the Michigan Court of Appeals determined that "any error did not affect defendant's substantial rights." *Id.*

Petitioner was ultimately convicted after a jury trial, and his conviction was affirmed on appeal. *People v. McCoy*, No. 342015, 2019 WL 4855875 (Mich. Ct. App. Oct. 1, 2019). The Michigan Supreme Court denied leave to appeal. *People v. McCoy*, 941 N.W.2d 667, *reconsideration denied*, 946 N.W.2d 282 (Mich. 2020). The United States Supreme Court denied certiorari. *McCoy v. Michigan*, 142 S. Ct. 719 (2021).

## II. LEGAL STANDARD

"A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed." *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Accordingly, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also Carson v. Burke*,

3

178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing Section 2254 Cases.

Indeed, the Sixth Circuit has made clear that district courts have "a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). Specifically, a habeas petition may dismissed if it is "frivolous, or obviously lacks merit, or where . . . the necessary facts can be determined from the petition itself without consideration" of a response from the state. *Id.*

## III. DISCUSSION

After undertaking the review required by Rule 4, the Court concludes that Petitioner's claims are meritless, such that the petition must be summarily dismissed.

### A. Petitioner's Waiver of Arraignment and Adequacy of Notice of the Charges Against Him

Petitioner is correct that a state criminal defendant "has a due process right to be informed of the nature of the accusations against him." *Lucas v. O'Dea*, 179 F.3d 412, 417 (6th Cir. 1999). Such notice may be provided during an arraignment. But a defendant's constitutional right to notice of the charges brought against him can be satisfied by means other than an arraignment, including through the indictment or preliminary examination. *See Bousley v. United States*, 523 U.S. 614, 618 (1998); *Stevenson v. Scutt*, 531 F. App'x 576, 580 (6th Cir. 2013) (noting

4

that the victim's testimony from the preliminary examination provided the petitioner with notice of the time frame of the assaults to formulate a defense); *Chenault v. Campbell*, No. 15-12686, 2017 WL 5971679, at *8 (E.D. Mich. Dec. 1, 2017) (concluding that "testimony given at the preliminary examination placed petitioner on notice as to the charges against him").

Courts in this circuit have confirmed that claims of improper waiver of arraignment absent prejudice are insufficient to support habeas relief. For example, in *Lee v. Davids*, the court first pointed out that "[c]hallenges to the propriety of initial proceedings in the state courts are not cognizable in federal habeas corpus, because they do not undermine the validity of a conviction." No. 19-595, 2020 WL 358722, at *20 (W.D. Mich. Jan. 22, 2020). Moreover, where a habeas petitioner "had notice of the charges against him, Petitioner had no federal constitutional right to an arraignment in the circuit court." *Id*. The *Lee* court concluded that the state court's finding of no prejudice caused by the lack of arraignment was "patently reasonable" because "Petitioner received notice of the charges at his preliminary examination, and he previously was brought to trial on those charges." *Id*.

Similarly, in *Nix v. Bauman*, the petitioner argued that he did not properly waive his right to an arraignment because the waiver form was "signed by Petitioner's counsel but not by Petitioner." *Nix v. Bauman*, No. 14-28, 2016 WL 4040114, at *1 (W.D. Mich. July 28, 2016). But because

5

"Petitioner had timely and sufficient notice of the charges against him by other means," the petitioner did not sufficiently show that he was prejudiced by the lack of arraignment alone. *Id.*

Here, while Petitioner never objected to the improper waiver of his arraignment in the trial court, the Michigan Court of Appeals thoroughly assessed Petitioner's claim for plain error. *McCoy*, 2019 WL 4855875, at *13–14. As noted, the appellate court recognized that Petitioner's arraignment waiver was invalid under Michigan law, but concluded that Petitioner failed to demonstrate how the improper waiver resulted in any prejudice. Specifically, Petitioner received formal notice of the criminal charges against him at the preliminary examination on August 25, 2016, and he again received notice of the charges against him on September 26, 2016, when he sought to discharge counsel and represent himself. *Id.* at *14. Because Petitioner received notice of the charges and the trial court entered a plea of not guilty on his behalf at the arraignment, Petitioner did not experience any prejudice even without a formal arraignment. *Id.*

### B. Absence of Counsel at Petitioner's Arraignment

Petitioner further argues that his Sixth Amendment right to counsel was violated by his counsel's absence from the arraignment. The "complete denial of counsel" during a critical stage of a judicial proceeding mandates a presumption of prejudice. *United States v. Cronic*, 466 U.S. 648, 659 (1984). The Supreme Court has held that the denial of counsel at an arraignment requires automatic reversal, without any

harmless-error analysis, in two situations: (1) when defenses not pled at arraignment were "irretrievably lost," *Hamilton v. Alabama*, 368 U.S. 52, 53–54 (1961); and (2) when a full admission of guilt entered at an arraignment without counsel was later used against the defendant at trial, despite subsequent withdrawal. *White v. Maryland*, 373 U.S. 59, 59–60 (1963) (per curiam).

In *Vitoratos v. Maxwell*, the Sixth Circuit rejected a claim that a habeas petitioner's due process rights had been violated even where he was arraigned without counsel. There, the trial court judge entered a not guilty plea on the petitioner's behalf, no incriminating statements were elicited from the petitioner in the absence of counsel, and the petitioner was not put on trial without the assistance of counsel. 351 F.2d 217, 221–22 (6th Cir. 1965). Similarly, in *Whitsell v. Perini*, the Sixth Circuit denied habeas relief to a petitioner who was arraigned without counsel because the petitioner pleaded not guilty at the arraignment, and no incriminating statements were elicited and later used against him at trial. 419 F.2d 95, 96 (6th Cir. 1969).

The absence of counsel at Petitioner's waiver of the arraignment hearing does not entitle him to habeas relief. Just as in *Vitoratos* and *Whitsell*, the trial court judge here entered a not guilty plea on Petitioner's behalf. Moreover, there is no indication that any incriminating statements were taken from Petitioner at this hearing. In fact, Petitioner was not even present at the hearing. Finally, Petitioner

did not lose any defenses by waiving the arraignment. In Michigan, a defendant does not waive any errors which may have occurred in the preliminary proceedings, including challenges to the jurisdiction of the trial court or sufficiency of the information. *See People v. Burd*, 164 N.W.2d 392, 396 (Mich. Ct. App. 1968). Therefore, Petitioner is not entitled to habeas relief on this ground.

### C. Petitioner's Absence at Critical Stages of the Proceedings

Petitioner finally argues that he is entitled to habeas relief because he was denied his right to be present at a critical stage of the proceedings. A defendant has a constitutional right to "be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987). This right, however, "is not absolute, but exists only when 'his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.'" *United States v. Henderson*, 626 F.3d 326, 343 (6th Cir. 2010) (quoting *Stincer*, 482 U.S. at 745). "In other words, the defendant's presence is not guaranteed when it would be 'useless,' but only 'to the extent that a fair and just hearing would be thwarted by his absence.'" *Id.* (quoting *United States v. Brika*, 416 F.3d 514, 526 (6th Cir. 2005)); *see also Cathron v. Jones*, 190 F. Supp. 2d 990, 1001 (E.D. Mich. 2002).

In *Burks v. Howes*, the court concluded that "petitioner cannot show that an arraignment under Michigan law was a critical stage of the

8

proceedings," making his absence prejudicial to a fair and just hearing. No. 06-15419, 2008 WL 5273723, at *4 (E.D. Mich. Dec. 18, 2008). While the petitioner in *Burks* had counsel present at the arraignment, the procedure that occurred was identical to the circumstances here. The *Burks* court explained that in the petitioner's absence, "a plea of not guilty was entered," and the petitioner did not "sacrifice any rights or lose any defenses." *Id*. Because "nothing happened at the arraignment which prejudiced petitioner in any way," and the petitioner received sufficient notice of the charges against him by other means, the court denied habeas relief. *Id*. at *4–5.

Likewise, Petitioner is not entitled to habeas relief based on his absence from the waiver of arraignment hearing or an arraignment itself. As discussed above, Petitioner was not prejudiced by his absence from the arraignment, where a reading of the information was waived, a plea of not guilty was entered on his behalf, no defenses were lost, and no other action was taken.

## IV. CONCLUSION

The Court **SUMMARILY DISMISSES with prejudice** the petition for a writ of habeas corpus (ECF No. 1). But because Petitioner has made a facially sufficient showing of his entitlement to proceed in forma pauperis, the Court **GRANTS** Petitioner's motion to proceed in forma pauperis (ECF No. 2).

The Court **DENIES** issuance of a certificate of appealability ("COA"). To obtain a COA, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Specifically, the petitioner must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.

Because Petitioner has failed to make a substantial showing of the denial of a federal constitutional right, and reasonable jurists would not debate the propriety of the Court's decision, Petitioner is not entitled to a COA.

Although this Court denies issuance of a COA, the standard for granting leave to proceed in forma pauperis on appeal is lower than the standard for issuing a COA. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). A court may grant in forma pauperis status if it finds that an appeal is being taken in good faith. *Id.* at 764–65; 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). "'Good faith' merely requires showing that the issues raised are arguable on the merits; it does not require any demonstration of probable success." *Foster*, 208 F. Supp. 2d at 765.

10

Although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed in forma pauperis on appeal.

Accordingly, the petition for a writ of habeas corpus is **SUMMARIILY DISMISSED with prejudice**. Petitioner's motion to proceed in forma pauperis is **GRANTED**. The Court **DENIES** issuance of a certificate of appealability.

**IT IS SO ORDERED.**

Dated: February 14, 2023     s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE